UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

In re:
EDWARD G. MATTINGLY,
        DEBTOR

Chapter 7
Case No. 08-10883-WCH

**MEMORANDUM OF DECISION**

     **WHEREAS**, Edward G. Mattingly (the "Debtor") filed a skeletal Chapter 7 petition on February 8, 2008; and

     **WHEREAS**, on February 8, 2008, the Court entered an Order to Update setting the deadline to file, *inter alia*, the Certificate of Credit Counseling as February 25, 2008; and

     **WHEREAS**, the Debtor erroneously completed a course on personal financial management and filed a Certificate of Debtor Education in place of the Certificate of Credit Counseling; and

     **WHEREAS**, neither the Court nor any party in interest timely detected the error; and

     **WHEREAS**, had the defect been detected timely, the Debtor may have been eligible for a temporary exemption under 11 U.S.C. § 109(h)(3) and cured the defect; and

     **WHEREAS**, the Debtor's case has now been fully administered and is ripe for discharge; and

     **WHEREAS**, the credit counseling requirement is not jurisdictional and courts have discretion to allow the Debtor to cure the eligibility deficiency; *See In re Manalad*, 360 B.R. 288, 301 (Bankr. C.D. Cal. 2007); and

     **WHEREAS**, when considering whether dismissal for failure to comply with 11 U.S.C. § 109(h) is warranted, courts have identified the following elements:

          1. Whether the debtor filed the case in good faith;

    2. Whether the debtor took all reasonable steps to comply with the statutory requirements;
    3. Whether the debtor's failure to comply was the result of circumstances that were both extraordinary and beyond the control of the debtor;
    4. Whether the debtor's conduct meets the minimum requirements of § 109(h);
    5. Whether any party would be prejudiced by allowing the case to proceed; and
    6. Whether there are any unique equitable factors that tip the balance in one direction or another.

*In re Hess*, 347 B.R. 489, 498 (Bankr. D. Vt. 2006); and

**NOW**, **THEREFORE**, the Court finds that the Debtor reasonably attempted to comply with the statutory provisions but failed due to inadvertently completing the course on personal financial management instead of credit counseling. As the defect was not discovered until three months after the maximum allowed exemption under 11 U.S.C. § 109(h)(3), the circumstances of the defect are extraordinary and beyond the control of the Debtor. Because the late discovery of this defect precludes any remedial effort by the Debtor, the Court finds the Debtor's conduct adequately met the minimum requirements of 11 U.S.C. § 109(h). No party in interest has objected or sought dismissal of the Debtor's case based on this defect, and the Court finds that no prejudice would ensue from allowing the case to proceed. Moreover, given the unique circumstances, dismissal on these grounds would be inequitable at this late stage in the case. As such, the Court will enter an order waiving the credit counseling requirement with respect to the Debtor.

_____
William Hillman
United States Bankruptcy Judge

Dated: June 23, 2008